UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COREY A. McDOWELL-BEY,

    Applicant,

v.                                                             CASE NO. 8:18-cv-130-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

**<u>O R D E R</u>**

    McDowell applies for the writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) and challenges the validity of his state conviction for trafficking in heroin, for which he is imprisoned for fifteen years. McDowell has neither moved for leave to proceed *in forma pauperis* nor paid the filing fee. Under Section 2243 a district court must review the merits of the application, which review discloses that McDowell cannot proceed under Section 2241.

    McDowell's earlier application under Section 2254 was dismissed because his application was untimely and because he failed to follow the district court's instructions. (Doc. 7 in 8:14-cv-694-T-23TBM) Nearly two years later McDowell challenged his conviction under Section 2241 "as a jurisdictional challenge habeas corpus writ petition [*sic*] which are [*sic*] not subject to time limitations." (Doc. 7 at 8 in 16-cv-1432) The district court dismissed that action after determining that the

application was controlled by Section 2254 because McDowell was challenging a state court judgment. (Doc. 10 in 16-cv-1432)

Having waited a few more years, McDowell again applies under Section 2241. McDowell's clear intent is to circumvent the one-year limitation under Section 2244(d)(1) for challenging a state court judgment under Section 2254. McDowell can proceed under neither Section 2241 nor Section 2254.

**Section 2241:**

McDowell submitted the underlying Section 2241 application to the United States District Court for the Northern District of Florida. After determining that McDowell was challenging a state court judgment from the circuit court for Hillsborough County, Florida, the district court transferred the action to the Tampa Division of the Middle District of Florida, the proper venue.

Because he is imprisoned under a state court judgment, McDowell must challenge the validity of his conviction in an application under Section 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003) (holding that an application "is governed by § 2254 because Appellant is 'in custody pursuant to the judgment of a State court.'"), *cert. denied*, 541 U.S. 1032 (2004). McDowell cannot circumvent Section 2254's limitation. "When we refer to a petition as being subject to § 2254, we mean § 2254 and all its attendant restrictions." *Medberry*, 351 F.3d at 1054 n.5.

McDowell asserts that the state court lacked jurisdiction over him because the warrants for his arrest "were signed by a judge that knows [that] his authorization

and commission to act as a state official has been expired for over two years . . . and a state prosecutor AT NO TIME has filed an exstant [*sic*] indictment or information charging the plaintiff with a crime and thereby invoking the court's jurisdiction." (Doc. 1 at 14) (capitalization original)  McDowell asserted a similar claim in his earlier application under Section 2241.  (Doc. 1 in 16-cv-1432)  McDowell provides neither an explanation for not presenting his claim before the limitation expired nor a basis for avoiding Section 2254's restrictions.  *Medberry*, 351 F.3d at 1062, emphasizes that an applicant cannot use Section 2241 to circumvent Section 2254.

> In summary, a state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ — to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.

Consequently, McDowell cannot proceed under Section 2241.

**Section 2254:**

McDowell's first challenge (14-cv-694) to the state court judgment was in an application under Section 2254.  McDowell cannot pursue a "second or successive" application without permission from the Eleventh Circuit Court of Appeals because 28 U.S.C. § 2244(b)(3)(A) proscribes that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application." *See Felker v. Turpin*, 518 U.S. 651, 664 (1996). *Accord Patterson v. Sec'y, Fla. Dep't of Corrs.*, 849 F.3d 1321, 1324–25 (2017) ("After a state prisoner has had a trial, a direct appeal, and an opportunity for collateral review in the state courts, he typically gets one, and only one, chance to collaterally attack his conviction in federal court. With exceptions not relevant here, section 2244(b) prohibits a state prisoner from filing a 'second or successive' habeas petition.").

The determination that the first application was time-barred precludes McDowell from again challenging his conviction without first obtaining authorization from the circuit court, as *Candelario v. Warden*, 592 Fed. App'x 784, 785 n.1 (11th Cir. 2014),* *cert. denied sub nom. Candelario v. Wilson*, 135 S. Ct. 2367 (2015), explains:

> [A] second petition is successive if the first was denied or dismissed with prejudice, *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999) (discussing § 2254), and a dismissal for untimeliness is with prejudice, *see Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (same). *Accord Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.").

As a consequence, McDowell must obtain the required authorization, without which the district court cannot proceed. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The

---

* "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

long and short of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). Consequently, McDowell cannot proceed under Section 2254.

**Certificate of Appealability:**

As determined above, McDowell's application is controlled by Section 2254. Generally, an applicant cannot appeal a district court's denial of relief under Section 2254 unless either the district court or the circuit court issues a certificate of appealability ("COA"). However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains, a COA cannot issue in this action because the district court cannot entertain the application to review the second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.

*See also United States v. Robinson*, 579 Fed. App'x 739, 741 n.1 (11th Cir. 2014) (applying *Williams* in determining that the district court lacked jurisdiction because the motion to alter or amend a judgment under Rule 60(b), Federal Rules of Civil

Procedure, was actually an impermissible second or successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

Accordingly, application for the writ of habeas corpus under Section 2241 (Doc. 1) is **DISMISSED**. The clerk must close this case.

## DENIAL OF BOTH
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

McDowell is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, McDowell must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because McDowell cannot proceed under Section 2241 and an application under Section 2254 is clearly time-barred, McDowell is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. McDowell must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on January 26, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE